IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY L. SHELLEY, | ) |
| Appellant, | ) |
| | ) No. 3:21-cv-00142 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| DONALD ERNEST BRANDT, | ) |
| Appellee. | ) |

## **MEMORANDUM OPINION**

Appellee, the debtor in the bankruptcy case underlying the captioned matter, has filed a motion to dismiss this bankruptcy appeal (Doc. No. 6, "Motion").[1] Appellant has not responded to the Motion.

The Sixth Circuit is clear that, even when a motion to dismiss is unopposed, a district court is not relieved of its duty to ensure that a defendant has met its burden. *Gesenhues v. Radial, Inc.*, No. 19-5932, 2020 WL 1815738, at *2 (6th Cir. Mar. 23, 2020); *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The Court therefore will discuss the merits of Appellee's Motion without the benefit of a response by Appellant.

For the reasons discussed, the Court will deny the Motion.

### **BACKGROUND**

This matter is an appeal of a bankruptcy court ruling in an adversary proceeding (United States Bankruptcy Court for the Middle District of Tennessee, Adv. Proc. No. 17-90066), filed in connection with the Chapter 11 bankruptcy (Case No. 16-08398) of the Appellee, who was the

---

[1] Appellee did not separately file a memorandum in support of his motion, in contravention of the Local Rules. L.R. 7.01(a)(2).

1

plaintiff in the adversary proceeding. Appellant, a defendant in the underlying adversary proceeding, filed the appeal in this Court on March 1, 2021. (Doc. No. 1). Next, counsel for Appellant filed an unopposed motion for abeyance and extension of filing deadlines four days later, stating that Appellant had died on March 4, 2021 (the day before). (Doc. No. 3). This motion for abeyance and extension was granted, with the Court ordering that a joint status report be filed by April 5, 2021. (Doc. No. 3, 4). On April 5, counsel for Appellee unilaterally filed a status report, stating, in pertinent part that (1) he had received from Appellant's counsel only a single email, early that same day, and that in this email Appellant's counsel had asked him to agree to another 60 day extension; (2) that Appellant was now tardy in filing a statement of issues to be raised on appeal and in designating the record on appeal.

Appellee thereafter filed the present Motion on April 6, 2021 (after the abeyance had ended). Instead of filing a response to the Motion, Appellant filed another motion to hold in abeyance and extend filing deadlines. (Doc. No. 7, "Appellant's Second Motion"). Appellee filed a response to Appellant's Second Motion, stating that he would not have opposed it had it been filed by the April 5 deadline, but then equivocating as to whether it should be denied due to failure to timely file a designation of the record on appeal in compliance with Rule 8009(a) of the Federal Rules of Bankruptcy Procedure. (Doc. No. 12). The Court granted appellant's Second Motion, ordering that the appeal be held in further abeyance and that all deadlines be suspended until July 6, 2021. (Doc. No. 13). On July 6, Plaintiff filed a (still pending) motion to substitute party pursuant to Fed. R. Civ. P. 25(a). (Doc. No. 14). On July 23, 2021, Appellant filed a designation of the record on appeal as contemplated by Fed. R. Bank. P. 8009.

2

Case 3:21-cv-00142   Document 18   Filed 07/23/21   Page 2 of 6 PageID #: 310

These various other filings, particularly Appellant's response (Doc. No. 12) to Appellant's Second Motion, contain legal analyses relevant to the present Motion and will be referenced herein.

## LEGAL STANDARD

Appellee seeks to dismiss this appeal under both Fed. R. Bank. P. 8009(a) and this Court's Local Rule 81.01. Fed. R. Bank. P. 8009(a) states, in relevant part, that:

> (A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.
>
> (B) The appellant must file and serve the designation and statement within 14 days after:
>
> > (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or
> >
> > (ii) an order granting leave to appeal is entered.
>
> A designation and statement served prematurely must be treated as served on the first day on which filing is timely.

Interpreting Fed. R. Bank. P. 8009(a), this Court's Local Rule 81.01 states that: "Failure by an appellant to comply with the provisions of any of Rules 8009, 8010, or 8018 of the Federal Rules of Bankruptcy Procedure will result in summary affirmance of the decision of the Bankruptcy Judge." L.R. 81.01.

## DISCUSSION

Based on the above discussed rules, Appellant argues (in full) that this appeal should be dismissed because:

> The record of the United States District Court in this case or in the United States Bankruptcy Court for the Middle District of Tennessee in adversary 17-90067 does not reflect compliance with FRBP 8009 Appellant to designate the record or to file the issues to be raised on appeal. The Appellee consented to a thirty (30) extension on March 5, 2021 (D.E. 3) due to the death of Jerry Shelley. The failure of the

3

Appellant after the agreed upon extension to timely designate the record or to file the issues to be raised on appeal requires the summary affirmance of the decision of the United States Bankruptcy Court for the Middle District of Tennessee.

(Doc. No. 6 at 2). As noted, Appellant does not respond to this argument.

As Appellee (with admirable candor) disclosed to the Court in his Response to Appellant's Second Motion, the Sixth Circuit has previously found that an appeal should be dismissed under Fed. R. Bank P. 8006 and then-Local Rule 17 of this Court[2] only upon evidence of bad faith:

> We have previously disapproved dismissal of an appeal from bankruptcy court to federal district court for failure to comply with technical aspects of Bankruptcy Rule 806, the predecessor of Bankruptcy Rule 8006. *In re Winner Corp. (Third National Bank v. Winner Corp.)*, 632 F.2d 658 (6th Cir. 1980). There the district court had dismissed an appeal from bankruptcy court to district court because the record designation statement required by Rule 806 was filed eight days late. We ordered the appeal reinstated at the district court level because we could "find no evidence of bad faith on the [appellant's] part which would justify dismissal of its appeal." *Id.* at 661. The *Winner* court relied on an earlier Sixth Circuit case, *Drybrough v. Ware (In re Bavarian Brewing Co.)*, 111 F.2d 548 (6th Cir. 1940), in which this court noted that although courts have the power to dismiss an appeal for insufficient designation of the items to be included in the record, that power
>
>> "should not be exercised generally unless the omission arose from negligence or indifference of appellant and, where good faith is shown, . . . the court, in order to avoid injustice, may, on a proper suggestion or on its own motion, direct that the omission be corrected by a supplemental transcript . . . ."
>
> *Id.* at 550. *Cf. Island Creek Coal Co. v. Local Union No. 1827*, 568 F.2d 7 (6th Cir. 1977) (*per curiam*), where we refused to dismiss an appeal for failure to serve a statement of issues presented because "Appellees were neither misled nor

---

[2] This Court no longer has a Local Rule 17. At the time *Conn Aire* was decided, Local Rule 17 provided, "Failure by an appellant to comply with the provisions of . . . Rule 8006 . . . of the Bankruptcy Rules, Title 11 of the United States Code Annotated, will result in summary affirmance of the opinion of the bankruptcy judge." *See Conn Aire*, 1989 WL 76155, at *2. Thus, Local Rule 17 as it existed at the time *Conn Aire* was decided is to the same effect as current Local Rule 81.01. Likewise, at the time *Conn Aire* was decided, it was Fed. R. Bank. P. 8006, and not Bankruptcy Rule 8009, that prescribed the deadline for filing a designation of the record on appeal. *Id.* at *2. The upshot is that what *Conn Aire* said then about Fed. R. Bank. P. 8006 and Local Rule 17 squarely applies to today's Fed. R. Bank. P. 8009 and Local Rule 81.01.

4

prejudiced" and because there was "no evidence that Appellant's omission . . . was made in bad faith." *Id.* at 8.

The other circuits are generally in accord with this approach. The Court of Appeals for the Ninth Circuit, for example, has disapproved such dismissals in keeping with the general policy against overly severe "sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation." *In re Hill (Myers v. Shekter)*, 775 F.2d 1385, 1387 (9th Cir. 1985) (*per curiam*); *see also In re Donovan (National Bank of Long Beach v. Donovan)*, 871 F.2d 807, 808 (9th Cir. 1989) (*per curiam*). The Third Circuit, citing *Winner*, has applied a "bad faith" standard. *In re Comer (Moxley v. Comer)*, 716 F.2d 168, 177 (3d Cir.1983). The Fifth Circuit has approved such dismissals in cases where the noncompliance is caused by "gross lack of diligence or dilatory maneuvering." *Pyramid Mobile Homes, Inc. v. Speake (In re Pyramid Mobile Homes, Inc.)*, 531 F.2d 743, 745 (5th Cir. 1976) (*per curiam). See also In re France*, 63 Bankr. 775, 776 (D.N.H. 1986) (dismissal inappropriate in absence of bad faith or prejudice to defendant); *In re Columbian Coffee Co. (Metsch v. C. Itoh & Co.)*, 71 Bankr. 258, 259 (Bankr. S.D. Fla. 1987) (applying "excusable neglect" standard).

Most of the lower court cases cited in the plaintiff's brief involve circumstances very different from those presented here—circumstances such as failure to file a notice of appeal, *e.g.*, as well as failure to file a record designation, *In re Rutherford (Williams v. Rutherford)*, 73 Bankr. 665, 671 (Bankr.W.D.Mo.1986); *In re Ghosh*, 47 Bankr. 374, 375 (E.D.N.Y. 1984); *In re Soter*, 31 Bankr. 986, 989–90 (D. Vt. 1983), *or dismissal on appellee's motion without opposition from appellant*, *In re Wilson*, 53 Bankr. 123, 125 (D. Mont.1985); *In re Bock Laundry Machine Co. (Meyers v. Bock Laundry Machine Co.)*, 63 Bankr. 221, 222 (N.D. Ohio 1986). In two of the cases cited by the plaintiff, the court expressly stated that it would not have dismissed the appeal for failure to comply with Rule 8006 alone. *In re Webster (General Motors Acceptance Corp. v. Webster)*, 47 Bankr. 1012, 1013 (M.D.N.C. 1985); *In re Weisz*, 44 Bankr. 285, 287 (E.D.N.Y. 1984).

In the case at bar, the district court did not determine whether there was "evidence of bad faith" on the part of the appellant, *cf. Winner*, 632 F.2d at 661, and the court did not make any finding of "negligence or indifference," *cf. Drybrough*, 111 F.2d at 550. We cannot tell, from the record before us, whether the defendant's failure to file a Rule 8006 statement pertaining to the appeal of the July 20 judgment was a good faith error, a negligent oversight, or a dilatory tactic intended for the purpose of delay. It is by no means inconceivable that the defendant might have believed, erroneously but in good faith, that the Rule 8006 statement filed on June 8 would suffice for a second appeal taken from the same bankruptcy court's disposition of the same dispute. We therefore conclude that this case should be remanded to the district court, where the defendant should be given an opportunity to demonstrate its good faith. If it succeeds in doing so, the district

5

> court should consider the merits of the appeal; if not, Local Rule 17 may properly be applied and the appeal dismissed.

*Conn Aire, Inc. v. J.C. Leasing*, No. 88-5771, 1989 WL 76155, at * 2-3 (6th Cir. 1989).

Appellee has cited the Court to no "evidence of bad faith" on the part of Appellant. Indeed, Appellee seems not to hide the sentiment that there is no bad faith here. The Court is aware of no indication of bad faith on the record, and instead it appears that, shortly after filing this appeal, Appellant passed away, which caused the current delays. (Doc. No. 3). Moreover, Appellant requested the second extension a mere day after the first extension had lapsed, and has now (albeit after expiration of the second extended deadline) filed a designation of the record on appeal as contemplated by Fed. R. Bank. P. 8009. Therefore, the Court finds it inappropriate to dismiss the present action, and the Court will deny the Motion.

## CONCLUSION

For the reasons discussed, the Court will deny the Motion (Doc. No. 6).

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE